IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| DERRICK AND CHRISTINE FAIN, | § | **CASE NO. 1:17-CV-00706** |
| Plaintiffs, | § | |
| | § | |
| vs. | § | |
| | § | |
| GEICO CHOICE INSURANCE | § | |
| COMPANY, | § | Removed from the 274th Judicial District |
| Defendant. | § | Court of Hays County, Texas (17-1292) |

### DEFENDANT GEICO CHOICE INSURANCE COMPANY'S NOTICE OF REMOVAL

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

COMES NOW GEICO Choice Insurance Company (**"GEICO"**), the only named defendant in the above-styled and numbered cause, and pursuant to 28 U.S.C. §§ 1332, 1441(a), and 1446(a), petitions this Court for removal of an action filed against GEICO in the 274th Judicial District Court of Hays County to the United States District Court for the Western District of Texas, Austin Division. In support of this removal, GEICO would respectfully show this Court the following:

### I.
#### BRIEF FACTUAL AND PROCEDURAL BACKGROUND

**1.** On June 19, 2017, Plaintiffs Derrick and Christine Fain (**"Plaintiffs"**) filed this lawsuit in the 274th Judicial District Court of Hays County. *See generally* **Exhibit A** (Pl. Orig. Pet). Plaintiffs' Petition presents general allegations regarding an insurance coverage dispute. *Id.* Plaintiffs allege they were involved in a "four-car collision" in which the allegedly at-fault drivers were either "uninsured or underinsured" as those terms are defined by the subject insuring policy. *Id.* at ¶4. According to Plaintiffs, GEICO "has failed and refused, and still fails and refuses, to pay

Plaintiffs any benefits under this policy as it is contractually required to do," as well as various other allegations regarding GEICO's handling of Plaintiffs' claim. *Id.* at ¶9

2.  Relying upon these and other allegations, Plaintiffs have asserted the following causes of action/requests for relief: (a) breach of and/or enforcement of contract; (b) negligence/gross negligence; (c) breach of duty of good faith and fair dealing; (d) violations of the Deceptive Trade Practices Act; (e) various violations of the Texas Insurance Code; and (f) petition for declaratory relief. *Id.* at ¶¶10-15.  Plaintiffs expressly seek to recover multiple elements of damages that "exceed $100,000.00." *Id.* at ¶3.  As addressed in further detail below, GEICO now timely files this Notice of Removal, because there is complete diversity of citizenship between the parties, and Plaintiffs' alleged damages exceed the minimum jurisdictional limits of this Court.

## II.
### REMOVAL IS TIMELY

3.  Plaintiffs served GEICO with a copy of their Original Petition on June 26, 2017. Pursuant to 28 U.S.C. §1446(b), GEICO now timely files this Notice of Removal within 30 days after service and receipt of Plaintiffs' Original Petition.  Additionally, this case is being removed within one year of commencement of the action, as required under 28 U.S.C. §1446(c)(1).

## III.
### GROUNDS FOR REMOVAL

4.  Removal is proper because subject-matter jurisdiction is based upon complete diversity of citizenship under 28 U.S.C. §1332(a).

### A.  Amount in Controversy Exceeds $75,000

5.  As noted above, Plaintiffs have expressly alleged in their Petition that the amount in controversy exceeds $100,000. *See* **Exhibit A** at ¶3.  As such, the amount in controversy in this lawsuit exceeds the sum or value of $75,000.00, exclusive of interest and costs, as required under section 1332(a). *See* 28 U.S.C. 1332(c)(2)(B) ("removal of a civil action is sought on the basis of

the jurisdiction conferred by section 1332 (a), the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy").

### B. Complete Diversity of Citizenship between Plaintiffs and GEICO

**6.** There is also a complete diversity of citizenship between Plaintiffs and GEICO. Plaintiffs are citizens of Hays County, Texas. *See* **Exhibit A** at ¶1.  GEICO is a citizen of Nebraska because it is a Nebraska corporation. *See* **Exhibit C** (Nebraska Secretary of State Listing); 28 U.S.C. §1332(c)(1) (instructing "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business."). Furthermore, GEICO's principal place of business is in Washington D.C. GEICO is *not* a citizen of Texas.

### IV. CONSENT NOT REQUIRED

**7.** GEICO is the only named defendant in this lawsuit, and therefore GEICO was not required to obtain any party's consent prior to removal. *See* 28 U.S.C. §1446(b)(2)(A).

### V. VENUE IS PROPER

**8.** Venue is proper in this court under 28 USC §1441(a), because this district and division embrace the place in which the removed state court action has been pending.  Specifically, the 274th Judicial District of Hays County is located in the United States District Court of the Western District of Texas, Austin Division. *See* 28 U.S.C. §124(d)(1).

### VI. GEICO HAS COMPLIED WITH ALL PROCEDURAL REQUIREMENTS

**9.** Pursuant to 28 U.S.C. §1446(a), the following documents are also attached to this Notice of Removal:

- **Exhibit A:** Plaintiffs' Original Petition and Citation;
- **Exhibit B:** GEICO's Original Answer;

- **Exhibit C:**  Nebraska Secretary of State listing; and

- **Exhibit D:** Copy of the docket sheet from the State court.

10. Upon filing this Notice of Removal, GEICO will also file its Corporate Disclosure Statement, as required under Federal Rule of Civil Procedure 7.1.

11. On filing of this Notice of Removal, GEICO will promptly provide written notice to Plaintiffs and file a copy of this Notice of Removal with the clerk of the State court where the suit has been pending, in accordance with 28 U.S.C. § 1446(d).

12. In the event this Court subsequently identifies a defect in this Notice of Removal, GEICO respectfully requests this Court to grant GEICO leave to amend this Notice and cure the defect. *See, e.g., Sutton v. Advanced Aquaculture Sys., Inc.*, No. 07-CV-175-XR, 2007 WL 1032339, at *1 (W.D. Tex. April 3, 2007) (explaining "Defendants may still amend their notice of removal after the expiration of the original 30-day time limit for removal."); *Lafayette City-Parish Consol. Government v. Chain Elec. Co.*, No. 11–1247, 2011 WL 4499589, at *7 (W.D. La. Sept. 23, 2011)(explaining "defendants may freely amend the notice of removal required by section 1446(b).").

13. By filing this Notice of Removal, GEICO does not waive any legal defenses, but expressly reserves its right to raise any and all legal defenses in subsequent pleadings in this Court.

14. This Notice of Removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure, as required under 28 U.S.C. §1446(a).

## VII.
### CONCLUSION

WHEREFORE, Defendant GEICO Choice Insurance Company represents that it has complied with the removal statutes set forth above, and thus, this case stands removed from the 274th Judicial District Court of Hays County, to the United States District Court for the Western District of Texas, Austin Division.

Respectfully submitted and signed pursuant to Federal Rule of Civil Procedure 11,

**GERMER BEAMAN & BROWN PLLC**
301 Congress Ave, Suite 1700
Austin, Texas 78701
(512) 472-0288
(512) 472-9280 (Fax)

By:   /s/ W. Paul Miller
      W. Paul Miller
      State Bar No. 24068130
      pmiller@germer-austin.com
      Ryan Bueche
      State Bar No. 24064970
      rbueche@germer-austin.com

**ATTORNEYS FOR GEICO INSURANCE CHOICE COMPANY**

## **CERTIFICATE OF SERVICE**

      I hereby by my signature below that a true and correct copy of the foregoing document was served on all counsel of record in compliance with the Federal Rules of Civil Procedure and the Local Rules for the Western District of Texas on this the 26th day of July 2017.

W. Burl Brock                                      *Via E-Mail: burlb@brockandbrock.com*
Brock & Brock, P.C.
803 E. Mistletoe
San Antonio, Texas 78212
*Attorney for Plaintiffs*

                                                           /s/ W. Paul Miller
                                                           W. Paul Miller