*0444 80786 012015*

# CITATION
## THE STATE OF TEXAS

### CAUSE NO. 17-1292

STYLED: DERRICK FAIN AND CHRISTINE FAIN VS. GEICO CHOICE INSURANCE COMPANY

TO: GEICO CHOICE INSURANCE COMPANY, UPON WHOM PROCESS MAY BE HAD BY SERVING ITS REGISTERED AGENT, DAN BEACOM, 2280 NORTH GREENVILLE AVENUE, RICHARDSON, TX 75082-4412

**NOTICE TO DEFENDANT:** "You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 am on the Monday next following the expiration of 20 days after the date you were served this citation and petition, a default judgment may be taken against you."

Attached is a copy of the **Plaintiff's Original Petition and Request for Disclosure to Defendant**, which was filed by the **Plaintiff**, in the above styled and numbered cause on the **19th Day of June, 2017**, in the 274th District Court of Hays County, San Marcos, Texas.

Issued and given under my hand and seal of said Court at San Marcos, Texas on this the 22nd day of June, 2017.

REQUESTED BY:
W. Burl Brock;
Brock & Brock PC
803 E Mistletoe
San Antonio, TX 78212
(210) 733-6666

BEVERLY CRUMLEY
Hays County District Clerk
Hays County Government Center
712 Stagecoach Trail, Ste. 2211
San Marcos, Texas 78666

By: _____
Wade Martin, Deputy

## OFFICER'S RETURN

Came to hand on the ___ day of _____ 20___ at _____ o'clock ___M and executed the ___ day of _____ 20___ by delivering to defendant _____ in person, a true copy of this citation with a copy of the petition attached thereto on ____ day of _____ 20___ at _____ o'clock ___M at _____ in _____ County, Texas.

[ ] Not executed. The diligence used in finding defendant being_____

[ ] Information received as to the whereabouts of defendant being_____

Service Fee: $_____

Sworn to and subscribed before me this, the _____ day of _____, _____.

SHERIFF/CONSTABLE/AUTHORIZED PERSON
BY:_____

Printed Name of Server

_____ County, Texas

NOTARY PUBLIC, THE STATE OF TEXAS

**EXHIBIT A**

✦ **ORIGINAL FOR RETURN**

Gean O. Smith, Civil Process Service
Rec'd Date 6-23-17  Rec'd Time 4:15 Pm
Service To _____
Date 6-26-17  Time 1:20 Pm
Gean O. Smith   SCH-004683
Sig. _____

CITATION
THE STATE OF TEXAS

CAUSE NO. 17-1292

STYLED: DERRICK FAIN AND CHRISTINE FAIN VS. GEICO CHOICE INSURANCE COMPANY

TO: GEICO CHOICE INSURANCE COMPANY, UPON WHOM PROCESS MAY BE HAD BY SERVING ITS REGISTERED AGENT, DAN BEACOM, 2280 NORTH GREENVILLE AVENUE, RICHARDSON, TX 75082-4412

**NOTICE TO DEFENDANT:** "You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 am on the Monday next following the expiration of 20 days after the date you were served this citation and petition, a default judgment may be taken against you."

Attached is a copy of the **Plaintiff's Original Petition and Request for Disclosure to Defendant**, which was filed by the **Plaintiff**, in the above styled and numbered cause on the **19th Day of June, 2017**, in the 274th District Court of Hays County, San Marcos, Texas.

Issued and given under my hand and seal of said Court at San Marcos, Texas on this the 22nd day of June, 2017.

REQUESTED BY:
W. Burl Brock;
Brock & Brock PC
803 E Mistletoe
San Antonio, TX 78212
(210) 733-6666

BEVERLY CRUMLEY
Hays County District Clerk
Hays County Government Center
712 Stagecoach Trail, Ste. 2211
San Marcos, Texas 78666

By /s/ Wade Martin
Wade Martin, Deputy

**OFFICER'S RETURN**

Came to hand on the ___ day of _____ 20___ at _____ o'clock ___M and executed the ___ day of _____ 20___ by delivering to defendant _____ in person, a true copy of this citation with a copy of the petition attached thereto on ____ day of _____ 20___ at _____ o'clock ___M at _____ in _____ County, Texas.

[ ] Not executed. The diligence used in finding defendant being_____

[ ] Information received as to the whereabouts of defendant being_____

Service Fee:$_____

Sworn to and subscribed before me this, the
_____ day of _____,_____.

SHERIFF/CONSTABLE/AUTHORIZED PERSON
BY:_____

_____
Printed Name of Server

_____
NOTARY PUBLIC, THE STATE OF TEXAS

_____ County, Texas

# DEFENDANT'S COPY

FILED
6/19/2017 3:08 PM
Beverly Crumley
District Clerk
Hays County, Texas

CAUSE NO. 17-1292

| | | |
|---|---|---|
| DERRICK FAIN and<br>CHRISTINE FAIN | § § § | IN THE DISTRICT COURT |
| VS. | § § | ___ JUDICIAL DISTRICT |
| GEICO CHOICE INSURANCE COMPANY | § § § | HAYS COUNTY, TEXAS |

## PLAINTIFFS' ORIGINAL PETITION AND REQUEST FOR DISCLOSURE TO DEFENDANT

**TO THE HONORABLE JUDGE OF SAID COURT:**

NOW COMES DERRICK FAIN and CHRISTINE FAIN hereinafter called Plaintiffs, complaining of and about GEICO CHOICE INSURANCE COMPANY hereinafter called Defendant, and for cause of action, would show unto the Court the following.

I.

Plaintiff DERRICK FAIN resides in San Marcos, Hays County, Texas. Plaintiff's driver's license number is 006549239 and his social security number is xxx-xx-2326.

Plaintiff CHRISTINE FAIN resides in San Marcos, Hays County, Texas. Plaintiff's driver's license number is 017444922 and her social security number is xxx-xx-0537.

Defendant GEICO CHOICE INSURANCE COMPANY is an insurance company authorized by statute to sell insurance within the State of Texas, and having a license and permit to do so. Service of process may be had by serving citation upon its registered agent for service: Dan Beacom, 2280 North Greenville Avenue, Richardson, Texas, 75082-4412.

II.

This cause of action arose in San Marcos, Hays County, Texas; therefore, venue is proper in Hays County, Texas pursuant to the Texas Civil Practice and Remedies Code, Sections 15.002, 15.015 and 15.0151.

III.

The amount in controversy far exceeds the minimal jurisdictional limits of this court and damages exceed $100,000.00.

IV.

Pursuant to T.R.C.P. 190.4, this party intends to conduct discovery in compliance with Level 3, and respectfully requests this Court enter a docket control order in this matter.

V.

### NEGLIGENCE OF UM/UIM DRIVER

On or about August 2, 2015, Plaintiffs were driving a vehicle owned by Willie Alvin Jones with his permission and were involved in a four-car collision with an unknown driver who fled the scene of the accident and Ocie Elliott who initially caused the four-car collision. At the time of the occurrence, the unknown driver along with Ocie Elliot were uninsured/underinsured drivers as that term is defined under the policy of insurance covering Plaintiffs by Defendant. Said policy of insurance was issued to Willie Alvin Jones, owner of the vehicle Plaintiffs were driving with his permission; was in full force and effect at the time of the occurrence in question; and is the uninsured/under insured policy of insurance covering Plaintiffs in this matter.

On the date and time of the occurrence, Plaintiffs were traveling eastbound in the 500 block of East Hopkins in San Marcos, Hays County, Texas. They were involved in a four-car collision that started with driver Ocie Elliott rear-ending a vehicle as he was traveling westbound in the 500 block

-2-

of East Hopkins in San Marcos, Hays County, Texas. Driver Ocie Elliott then bounced off that car vehicle and hit another vehicle traveling westbound in the 500 block of East Hopkins forcing that vehicle to swerve into the eastbound lanes of East Hopkins colliding with Plaintiffs and causing their vehicle to run into a ditch and roll over.

On the date and time of the occurrence, the unknown driver and Ocie Elliott were negligent in the operation, maintenance and/or use of their motor vehicles in one or more of the following respects:

1. In failing to maintain a proper lookout as an ordinary, prudent person would have done under the same or similar circumstances;
2. In failing to observe appropriate traffic signals and/or traffic signage;
3. In failing to operate said vehicle in a safe manner as an ordinary, prudent person would have done under the same or similar circumstances;
4. In failing to maintain an assured clear distance;
5. In taking faulty evasive action;
6. In failing to avoid the collision;
7. In traveling at an excessive rate of speed for the conditions then existing;
8. In failing to apply sufficient and timely force to the brakes to avoid the collision;
9. In failing to turn the vehicle to the left or right in order to avoid the collision;
10. In failing to maintain reasonable control of the vehicle;
11. In failing to observe those applicable terms and provisions of the Texas Driver's Handbook; and
12. In failing to observe those applicable sections of the Texas Transportation Code governing the operation of said vehicle, including but not limited to certain sections 545.001-545.256 thereof, which failure constitutes negligence and negligence per se.

Plaintiffs in no way contributed to cause the occurrence in question. On the contrary, the occurrence in question was proximately caused by the failure of both the unknown driver who fled the scene and Ocie Elliott who initially caused the accident, to exercise ordinary care on the occasion in question and by their violation of common law, statutes and codes of the State of Texas. Such actions of both omission and/or commission were and are a producing and/or proximate cause of Plaintiffs' resulting injuries and damages as more fully set forth below.

VI.

At the time of the collision made the basis of this lawsuit, Plaintiffs were protected against loss caused by bodily injury and property damage, resulting from the ownership, maintenance or use of an uninsured/underinsured vehicle by a policy of insurance issued by Defendant under policy number 4295153789 and issued to Willie Alvin Jones (owner of the vehicle being driven by Plaintiffs and given permission to use his vehicle). The underinsured motorist coverage mentioned above provided for bodily injury coverage, for which premiums had been paid to the Defendant.

VII.

## ACTUAL PERSONAL INJURY DAMAGES - DERRICK FAIN

Upon the trial of this case, it will be shown that Plaintiff DERRICK FAIN was caused to sustain injuries and damages as a proximate result of the negligence described above. Plaintiff DERRICK FAIN will request the Court and the Jury to determine the amount of loss that Plaintiff DERRICK FAIN has incurred in the past and that he will incur in the future, not only from a financial standpoint, but also in terms of good health and freedom from pain and worry. Plaintiff DERRICK FAIN is entitled to have the Jury in this case separately consider certain elements of damage provided by law and to determine the sum of money for each element that will fairly and reasonably compensate Plaintiff DERRICK FAIN for his injuries, damages and losses incurred and to be incurred. Elements of damages from the date of the collision in question until the time of trial of this case and in the future beyond the time of trial, are as follows:

a. Reasonable and necessary medical expenses incurred in the treatment of Plaintiff DERRICK FAIN's injuries from the date of the collision to the time of trial and in the future, beyond the time of trial;
b. Physical pain that Plaintiff DERRICK FAIN suffered from the date of the collision to the time of trial and in the future, beyond the time of trial;
c. Mental anguish that Plaintiff DERRICK FAIN suffered from the date of the collision to the time of trial and in the future, beyond the time of trial;

    d.     Scarring and disfigurement suffered by Plaintiff DERRICK FAIN from the date of the collision to the time of trial and in the future, beyond the time of trial;

    e.     Physical impairment suffered by Plaintiff DERRICK FAIN from the date of the collision to the time of trial and in the future, beyond the time of trial;

    f.     Lost wages and loss of wage-earning capacity sustained by Plaintiff DERRICK FAIN from the date of the collision to the time of trial and in the future, beyond the time of trial; and

    g.     Miscellaneous expenses and losses, including mileage, parking, rental cars, taxi fares and any other items of special need.

Plaintiff DERRICK FAIN states that his total damages shall not exceed $200,000.00.

## VIII.

## ACTUAL PERSONAL INJURY DAMAGES - CHRISTINE FAIN

Upon the trial of this case, it will be shown that Plaintiff CHRISTINE FAIN was caused to sustain injuries and damages as a proximate result of the negligence described above. Plaintiff CHRISTINE FAIN will request the Court and the Jury to determine the amount of loss that Plaintiff CHRISTINE FAIN has incurred in the past and that she will incur in the future, not only from a financial standpoint, but also in terms of good health and freedom from pain and worry. Plaintiff CHRISTINE FAIN is entitled to have the Jury in this case separately consider certain elements of damage provided by law and to determine the sum of money for each element that will fairly and reasonably compensate Plaintiff CHRISTINE FAIN for her injuries, damages and losses incurred and to be incurred. Elements of damages from the date of the collision in question until the time of trial of this case and in the future beyond the time of trial, are as follows:

    a.     Reasonable and necessary medical expenses incurred in the treatment of Plaintiff CHRISTINE FAIN's injuries from the date of the collision to the time of trial and in the future, beyond the time of trial;

    b.     Physical pain that Plaintiff CHRISTINE FAIN suffered from the date of the collision to the time of trial and in the future, beyond the time of trial;

    c.     Mental anguish that Plaintiff CHRISTINE FAIN suffered from the date of the collision to the time of trial and in the future, beyond the time of trial;

    d.     Scarring and disfigurement suffered by Plaintiff CHRISTINE FAIN from the date of the collision to the time of trial and in the future, beyond the time of trial;

    e.    Physical impairment suffered by Plaintiff CHRISTINE FAIN from the date of the collision to the time of trial and in the future, beyond the time of trial;

    f.    Lost wages and loss of wage-earning capacity sustained by Plaintiff CHRISTINE FAIN from the date of the collision to the time of trial and in the future, beyond the time of trial; and

    g.    Miscellaneous expenses and losses, including mileage, parking, rental cars, taxi fares and any other items of special need.

Plaintiff CHRISTINE FAIN states that her total damages shall not exceed $200,000.00.

## IX.

Additionally, Plaintiffs would show that they timely and properly notified Defendant of the accident and of their claim under the Uninsured/Underinsured Motorist Coverage of the policy. All proofs of loss and other conditions precedent necessary to the maintenance of this lawsuit have been performed or have occurred. Nevertheless, Defendant has failed and refused, and still fails and refuses, to pay Plaintiffs any benefits under this policy as it is contractually required to do. It is Defendant's handling of such claim for which Plaintiffs now complain.

## X.

## BREACH OF CONTRACT

At the time of the collision made the basis of this lawsuit, the unknown driver and Ocie Elliott were "Uninsured/Underinsured drivers" as those terms are defined by the Policy of Insurance issued by Defendant. Fortunately, Plaintiffs were covered by Uninsured/Underinsured Motorist Benefits coverage from the Defendant to cover them in this type of situation. The premiums on the were paid and the insurance was in full force and effect at the time of this collision.

Defendant has breached its contract with Plaintiffs when they wholly failed to provide the contractual benefits under the policy in a timely manner to Plaintiffs. Plaintiffs, therefore, seek recovery for all damages they are entitled to recover under said contract. Furthermore, Plaintiffs pray for reasonable and necessary attorney's fees for the preparation, trial and appeal of this cause

in accordance with Texas Civil Practices and Remedies Code §38.001 and/or pursuant to any and all other applicable laws or statutes.

## XI.

## NEGLIGENCE/GROSS NEGLIGENCE

Defendant owed Plaintiffs the duty to act reasonably in evaluating, investigating and settling their claims. Defendant negligently breached such duty. Such negligence and/or gross negligence is a proximate cause of damages to Plaintiffs.

## XII.

## BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING

Defendant owes Plaintiffs a duty of good faith and fair dealing. Defendant has breached this duty by denying and/or delaying payment of uninsured/underinsured motorist benefits due under the policy, without any reasonable basis and by failing to conduct a reasonable investigation of Plaintiffs' claims prior to such denial/delay. Defendant's breach has been a producing and/or proximate cause of actual damages, injuries or harm to Plaintiffs. Plaintiffs seek both actual and exemplary damages for this breach.

## XIII.

## DECEPTIVE TRADE PRACTICES ACT

Defendant is guilty of false, misleading and/or deceptive acts and practices prohibited by DTPA §17.46(b). Specifically, Defendant has engaged in the following unfair deceptive acts or practices in the business of insurance, which was a producing cause of Plaintiffs' injuries and damages as stated herein. They are as follows:

1. Causing confusion or misunderstanding as to the source, sponsorship, approval or certification of their goods or services; (Texas Bus. & Com. Code §17.46(b)(2))

2. Representing that its goods or services had sponsorship, approval, characteristics, ingredients, uses, benefits or quantities which they do not have or that a person had a sponsorship, approval, status affiliation, or connection which he did not; (Texas Bus. & Com. Code §17.46(b)(5))

3. Representing that its goods or services were of a particular standard, quality, grade, style or model, when in fact, they were of another; (Texas Bus. & Com. Code §17.46(b)(7))

4. Advertising goods or services with intent not to sell them as advertised; (Texas Bus. & Com. Code §17.46(b)(9))

5. Representing that an agreement conferred or involved rights, remedies or obligations which it did not have or involve and/or are prohibited by law; (Texas Bus. & Com. Code §17.46(b)(12))

6. Misrepresenting the authority of a salesman, representative, or agent to negotiate the final terms of a consumer transaction; (Texas Bus. & Com. Code §17.46(b)(14))

7. Representing that a guarantee or warranty conferred or involved rights or remedies which it did not have or involve; (Texas Bus. & Com. Code §17.46(b)(20))

8. Failing to disclose information concerning the Policy which was known to Defendant at the time of the transaction with the intent to induce the insured into a transaction they would not have entered had the information been disclosed; (Texas Bus. & Com. Code §17.46(b)(24))

9. Violations of an express and/or implied warranty: Defendant, by and through their agent, employee and/or representative, warranted that the Insurance Policy obligated them to pay benefits as a result of a car accident. Despite these warranties, Defendant has wholly failed to pay the benefits promised. The Plaintiffs relied upon said express/implied warranties to their detriment; (Texas Bus. & Com. Code §17.50(a)(2))

10. Defendant, engaging in an unconscionable action or course of action that, to their insured's detriment, took advantage of their lack of knowledge, ability, experience, or capacity to a grossly unfair degree; (Texas Bus. & Com. Code §17.50(a)(3))

11. Defendant's use or employment of an act or practice in violation of Texas Insurance Code Chapter 541; (Texas Bus. & Com. Code §17.50(a)(4))

12. Defendant engaged in false, misleading, or deceptive acts and/or practices that their insured relied upon to their detriment and that violated a "tie-in" consumer statute; (Texas Bus. & Com. Code §17.50(h))

Furthermore, Plaintiffs hereby allege that all Defendant's actions in the solicitation of the policy, investigation of the claim, delay in payment of benefits under the policy and outright denial of some or all of the benefits to which they were justly entitled were committed knowingly and intentionally. As a result, Plaintiffs are entitled to additional damages (a/k/a exemplary or punitive) of up to two times the actual damages awarded.

## XIV.

## INSURANCE CODE VIOLATIONS

Defendant is guilty of unfair insurance practices in violation of the Texas Insurance Code, and the statutes, board rules, regulations and rules incorporated by and/or referenced by provisions of the Code. These practices have been a producing and proximate cause of Plaintiffs' damages. Specifically, Defendant has engaged in unfair or deceptive acts or practices in the business of insurance to include, but not limited to:

Violations of Texas Insurance Code §541.060

a.  Misrepresenting to a claimant a material fact or policy provision relating to the coverage at issue; (Tex. Ins. Code §541.060(a)(1))

b.  Not attempting in good faith to bring about a prompt, fair and equitable settlement of a claim once the insurer's liability becomes reasonably clear; (Tex. Ins. Code §541.060(a)(2)(A))

c.  Not promptly giving a policyholder a reasonable explanation, based on the policy as it relates to the facts or applicable law, for the insurer's denial of a claim or for the offer of a compromise settlement of a claim; (Tex. Ins. Code §541.060(a)(3))

d.  Not affirming or denying coverage of a claim to a policyholder within a reasonable time; (Tex. Ins. Code §541.060(a)(4)(A))

e.  Refusing to pay a claim without conducting a reasonable investigation; (Tex. Ins. Code §541.060(a)(7))

Violations of Texas Insurance Code §541.061

a.  Making an untrue statement of material fact; (Tex. Ins. Code §541.061(1))

b. Leaving out a material fact, so that other statements are rendered misleading; (Tex. Ins. Code §541.061(2))

c. Making a statement in a way that would lead a reasonably prudent person to a false conclusion about a material fact. (Tex. Ins. Code §541.061(3))

Defendant has engaged in the foregoing conduct with an actual awareness of the falsity, unfairness and deceptiveness of its acts and omissions. Accordingly, Defendant is deemed to have violated Chapter 541 "knowingly," as that term is used in Section 541.002(1) and 541.152(b). As a result, Defendant could be held responsible for up to three times the amount of actual damages proven. Should the issue not be resolved prior to the filing of a lawsuit, the beneficiary would seek such damages.

Plaintiffs would further show that they have provided Defendant with all information necessary to evaluate their claims; however, Defendant has failed to promptly pay Plaintiffs' claims, which is a violation of Article 21.55 of the Texas Ins. Code Ann. (Now renumbered and codified in Sections 542.051 to 542.061 of the Texas Insurance Code). Defendant's failure to timely comply with the above statute has proximately caused damages and harm to Plaintiffs. Plaintiffs, therefore, seek monetary damages, attorney's fees and all statutory penalties allowed by Chapter 542 of the Texas Ins. Code.

XVI.

## DECLARATORY JUDGMENT

Based on the foregoing facts and pursuant to the policy of insurance in full force and effect between Plaintiffs and Defendant at the time of this incident, Plaintiffs seek a declaratory judgment pursuant to Tex. Civ. Prac. & Rem. Code Chp. 37, to determine the rights, responsibilities and obligations of the parties to the contract of insurance purchased by Plaintiffs and issued by the Defendant. Specifically, Plaintiffs seek judgment from the Court acknowledging the rights, duties

-10-

and obligations of the parties to the content of insurance issued by Defendant to the Plaintiffs, that Plaintiffs' claims fell within the coverage afforded them under the policy of insurance with the Defendant, that they are entitled to recover from Defendant the damages they sustained resulting from the motor vehicle collision, and specifying the amount of damages, attorney's fees, interest and court costs that Defendant is obligated to pay under the policy as written by the Defendant and issued to the Plaintiffs. All parties who have or may claim an interest affected by the declaration have been made a party to the lawsuit. Plaintiffs would additionally move the Court and/or jury to award the reasonable and necessary attorney's fees under the declaratory judgment act made necessary by the enforcement of their rights under the uninsured/underinsured portion of the policy in question.

## XVI.

## ADDITIONAL DAMAGES

As a result of Defendant's conduct in investigating, handling, delaying and denying benefits under the policy, Plaintiffs have suffered damages and losses in the past and, in reasonable probability is expected to suffer damages and losses in the future. Plaintiffs seek compensation for the following elements of special damages, both past and future:

a) the full amount of all policy benefits wrongly withheld;
b) lost interest or appreciation on monies or assets used to satisfy costs or obligations which should have been paid under the policy or resulting from the failure to pay claims under the policy in a timely manner;
c) the cost of securing alternate funds to satisfy costs or obligations which should have been paid under the policy or resulting from the failure to pay claims under the policy in a timely manner;
d) actual damages, as set forth in Paragraph VII;
e) injury to credit and credit reputation;
f) reasonable and necessary attorneys fees as provided by law;
g) costs of court and the expenses of litigation;
h) pre-judgment and post-judgment interest;
i) all applicable statutory penalties; and
j) exemplary damages or, in the alternative, enhanced damages, all as set out above.

Plaintiffs' actual damages meet the jurisdictional requirements of this Court.

## XVII.

### T.R.C.P. 193.7 NOTICE

Plaintiffs hereby give notice to all parties that they intend to use any and all documents that are produced by a party against that party in pretrial proceedings or at trial pursuant to Texas Rule of Civil Procedure 193.7 without the necessity of authenticating the documents.

## XVIII.

### PLAINTIFFS' REQUEST FOR DISCLOSURE

In accordance with the provision of Rule 194 of the Texas Rules of Civil Procedure, Plaintiffs propound their Request for Disclosure to Defendant, and request that information, documents or materials described in Rule 194.2 and Rule 194.4 as listed below, be produced within 50 days of service of this request:

a) The correct names of the parties to the lawsuit;

b) The name, address and telephone number of any potential parties;

c) The legal theories and, in general, the factual basis of the responding party's claims or defenses;

d) The amount and any method of calculating economic damages;

e) The name, address and telephone number of persons having knowledge of relevant facts, and a brief statement of each identified person's connection with the case;

f) For any testifying expert:

    1) Identity and location, including the name, address and telephone number of its expert witness,

    2) the subject matter of the expert's testimony,

   3)  the expert's mental impressions and opinions, including facts known by the expert that relate to or form the basis of those mental impressions and opinions,

   4)  all documents, reports or compilations provided to, reviewed by, or prepared by or for the expert in anticipation of the expert's testimony, and

   5)  the expert's current resume and bibliography to include a list of all other cases in which he/she has testified as an expert, at trial or by deposition, within the last four years and the amount of money paid for each appearance. TRCP 194, 195.1, 192.3(e) (5) (6) (7).

g)  Any indemnity and insuring agreements;

h)  Any settlement agreements;

i)  Any witness statements;

j)  If you are alleging physical or mental injury and damages from the occurrence that is the subject of this case, all medical records and bills that are reasonably related to the injuries or damages, or in lieu thereof, an authorization permitting the disclosure of such medical records and bills;

k)  If you are alleging physical or mental injury and damages from the occurrence that is the subject of this case, all medical records and bills obtained by the responding party by virtue of an authorization furnished by the requesting party; and

l)  The name, address and telephone number of any person who may be designated as a responsible third-party.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that the Defendant be cited to appear and answer herein that upon final recovery, Plaintiffs have judgment of and from this Defendant, for all of their damages in an amount not to exceed $200,000.00, together with pre-judgment interest at the legal rate, post-judgment interest at the legal rate from date of judgment until paid, all costs of court, and for such other and further relief to which Plaintiffs may be justly entitled, either at law or in equity.

Respectfully submitted,

**BROCK & BROCK, P.C.**
803 E. Mistletoe
San Antonio, Texas 78212
Telephone: (210) 733-6666
Telecopier: (210) 733-6893

By: _____
W. BURL BROCK
State Bar No. 03042500
Email: burlb@brockandbrock.com

ATTORNEYS FOR PLAINTIFFS

**PLAINTIFFS DEMAND A TRIAL BY JURY.**